# EXHIBIT 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------- X
PETALS DECORATIVE ACCENTS LLC,

                Plaintiff,

            -against-

THE ELEVATION GROUP LLC, CONTROL
SOLUTIONS INC., IMAGESOFT INC., TONY
YENIDJEIAN and DINESH BAKHRU,

                Defendants.
------------------------------------------------------------- X

Index No. 602741/07

**COMPLAINT**

Plaintiff, PETALS DECORATIVE ACCENTS LLC, (hereinafter "Petals" or "Plaintiff") by its attorneys, Gersten Savage, LLP, complaining of defendants THE ELEVATION GROUP LLC (hereinafter "Elevation"), CONTROL SOLUTIONS INC (hereinafter "CSI"), IMAGESOFT INC. (hereinafter "ImageSoft"), TONY YENIDJEIAN (hereinafter "Yenidjeian") and DINESH BAKHRU (hereinafter "Bakhru," collectively referred to herein as the "Defendants"), upon information and belief, allege as follows:

**THE PARTIES**

1. At all relevant times herein, Plaintiff was a foreign corporation duly organized and existing in accordance with the laws of the state of Delaware.

2. Upon information and belief, at all relevant times herein, Defendant Elevation was a domestic corporation duly organized and existing in accordance with the laws of the State of New York that maintained an office at 2571 Baglyos Circle, Suite B33, Bethlehem, PA. 18020.

3. Upon information and belief, at all relevant times herein, Defendant CSI was a domestic corporation duly organized and existing in accordance with the laws of

the State of New York that maintained an office at 10 County Line Rd., Unit 25, North Branch, N.J. 08876.

4. Upon information and belief, at all relevant times herein, Defendant ImageSoft was a domestic corporation duly organized and existing in accordance with the laws of the State of New York that maintained an office at 22 IBM Road, Poughkeepsie, N.Y. 12601.

5. Upon information and belief, Defendant Yenidjeian is an individual residing in the state of New Jersey.

6. Upon information and belief, Defendant Bakhru is an individual residing in the state of New Jersey.

7. Petals is a retail flower distributor selling custom designed floral arrangements and other merchandise on-line and through a call-in center.

8. Defendant Elevation is a computer software design and technology consulting company.

9. Defendant CSI is a computer software design company, which was retained by Elevation as a subcontractor to assist Elevation in installing a Warehouse Management System (hereinafter "WMS") for Petals.

10. Defendant ImageSoft is a technology consulting company retained by Petals to provide computer consulting services.

11. Defendant Yenidjeian is Petals' former Vice President of Operations and, upon information and belief, an owner of Defendant ImageSoft.

12. Defendant Bakhru is an owner of Defendant ImageSoft and a former information technology and services consultant to Petals.

## THE PARTIES' AGREEMENT

13. The Plaintiff repeats and realleges the allegations set forth in paragraphs 1-12 above as if set forth in full herein.

14. In or about December 2003, ImageSoft was retained by Petals to provide computer technology consulting services. ImageSoft and Bakhru were introduced to Petals by Yenidjeian who ultimately made the decision on behalf of Petals to retain ImageSoft. Yenidjeian failed to disclose to Petals his ownership interest in ImageSoft prior to Petals' retention of ImageSoft.

15. In or about June 2006, the Plaintiff and Elevation entered into an oral agreement pursuant to which the Plaintiff retained Elevation to design and implement an all-encompassing computer system for Petals. Elevation had been introduced to Petals by Bakhru and Yenidjeian and Yenidjeian, on behalf of Petals, ultimately made the decision to retain Elevation.

16. This system was to include a WMS to monitor Petals' inventory. Specifically the WMS was to reflect the change in inventory in Petals' warehouse as merchandise was purchased from Petals and to assist in tracking merchandise delivered to Petals' customers.

17. The system was also to include, customer relationship management software – known as the "SAP AG System" (hereinafter "SAP"), which was supposed to

track all on-line purchases made with Petals. ImageSoft was, in part, to serve as the SAP representative to Petals.

18. Finally, the system was to include a credit card processing component, which would enable Petals' customers to make credit card purchases of flowers and other merchandise.

19. The system that Elevation was retained to design was to be fully integrated. This system was to connect Petals' call center from which Petals took orders for merchandise over the telephone as well as all on-line purchases with the SAP system. The SAP system was in turn to be fully integrated with the WMS. Each of these components was to be integrated with a credit card payment-processing component.

20. In addition to designing the aforesaid fully integrated computer system, Elevation was obligated to provide technology maintenance and consulting services for Petals.

21. ImageSoft agreed to assist Elevation in installing the SAP system and to help coordinate and oversee the design and implementation of the entire computer system.

22. Elevation agreed to be responsible for all changes to the WMS and the credit card processing system and ImageSoft and Elevation both agreed to be responsible for the maintenance of the SAP system. Both Elevation and ImageSoft also agreed to ensure that each component was fully functional and integrated.

23. Petals expressly informed Elevation and ImageSoft that Petals' transition from its "older" computer system to the "newer" system described above, needed to be completed by the end of January 2007.

24. Elevation promised and assured Petals that the fully integrated computer system would be ready for testing by December 2006.

25. Elevation promised and assured Petals that the fully integrated computer system would be designed, installed and fully operational by the end of January 2007.

26. In exchange for the aforementioned services, Petals agreed to compensate Elevation at a billing rate of $165/hr.

27. Elevation estimated that the total cost of designing and implementing the system would approximate $200,000.

## THE DEFENDANTS' BREACH

28. The Plaintiff repeats and realleges the allegations set forth in paragraphs 1-27 above as if set forth in full herein.

29. Elevation failed to design and install a fully functional and integrated computer system by the end of January 2007.

30. ImageSoft failed to install a fully functional SAP system and failed to properly oversee the design and implementation of the entire computer system.

31. Upon information and belief, Elevation and ImageSoft learned well before January 2007 that the system would not be ready within the time frame previously agreed upon by the parties.

32. Upon information and belief, defendant Yenidjeian knew well before January 2007 that the system would not be ready within the time frame previously agreed upon by the parties and failed to report this to Petals' senior management.

33. Upon information and belief defendant Bakhru knew well before January 2007 that the system would not be ready within the time frame previously agreed upon by the parties and failed to report this to Petals' senior management.

34. Upon information and belief, defendant Bakhru received a "kick-back" from Elevation in exchange for Petals' retention of Elevation.

35. Upon information and belief, defendant Yenidjeian received a "kick-back" from Bakhru and/or ImageSoft in exchange for Petals' retention of Elevation.

36. CSI, having been retained by Elevation as a subcontractor for Petals' benefit, failed to timely install a fully functional WMS.

37. Elevation and ImageSoft failed to inform Petals until the end of January 2007 that the system Elevation was retained to design would not be ready within the time frame previously agreed upon by the parties.

38. The system was not even ready for testing until February 2007.

39. Although Elevation stated its costs for the full performance of its contractual obligations to be approximately $200,000, Elevation billed and required Petals to pay more than double that amount, to wit: approximately $475,000, all of which has been paid by Petals.

40. In or about July 2007, Elevation informed Petals that it would not "resume work to resolve the current issues with the software's functionality" until additional payments were made.

41. Elevation failed to timely design and install the system as required and the system that was actually installed was defective and has never functioned properly.

42. Petals, as a result of the aforementioned defective computer system designed by Elevation, suffered – and continues to suffer – inordinate delays in processing purchases.

43. As a result of said delays, Petals has received countless telephone calls from customers complaining that their purchases were not properly processed.

44. Elevation failed to provide Petals with any documentation or training, which would allow Petals to identify and resolve interface errors.

45. The WMS was never fully integrated with the computer system depriving Petals of necessary knowledge of the existence or accuracy of its warehouse inventory. Additionally, due to Elevation's failure to properly integrate the system, Petals is often unaware of whether its products have even been shipped to its customers.

46. As a further result of Elevation's failure to install a fully functional and integrated system, approximately $161,000 worth of Petals' merchandise was shipped to customers without receipt of any payments.

47. Additionally, Elevation's failure to design and install a fully integrated and operational computer system has caused Petals to lose between $50,000 and $100,000 in sales per day from February 1, 2007 until the present.

48. To date, Elevation and ImageSoft have failed and refused to design a fully integrated computer system for Petals.

49. As a result of Elevation's and ImageSoft's collective failure to design and install a fully integrated computer system, Petals must now retain a new software design firm to create and install a replacement computer system.

50. Plaintiff has fully satisfied its obligations pursuant to the parties' agreement.

## COUNT I
## **BREACH OF CONTRACT**

51. The Plaintiff repeats and realleges the allegations set forth in paragraphs 1-50 above as if set forth in full herein.

52. Elevation breached the parties' agreement by failing and refusing to timely develop and install a fully integrated computer system.

53. Plaintiff discharged all of its obligations under the agreement.

54. Plaintiff has suffered damages as a result of Elevation's breach of the agreement in an amount to be determined at trial but believed to be in excess of $2,000,000.

## COUNT II

## BREACH OF CONTRACT

55. The Plaintiff repeats and realleges the allegations set forth in paragraphs 1-54 above as if set forth in full herein.

56. ImageSoft breached the parties' agreement by failing and refusing to oversee the proper design and installation of a fully integrated computer system, including the SAP component.

57. ImageSoft also breached the parties' agreement by failing to notify Petals that the computer software system Elevation was retained to design and install would not be ready for installation on the date previously agreed upon by Petals and Elevation.

58. Plaintiff discharged all of its obligations under the agreement.

59. Plaintiff has suffered damages as a result of ImageSoft's breach of the agreement in an amount to be determined at trial but believed to be in excess of $2,000,000.

## COUNT III

## BREACH OF CONTRACT- PLAINTIFF AS THIRD PARTY BENEFICIARY

60. The Plaintiff repeats and realleges the allegations set forth in paragraphs 1-59 above as if set forth in full herein.

61. CSI breached its sub-contract with Elevation, which inured to the Plaintiff's benefit, by failing and refusing to timely install a fully functional WMS system.

62. As a result of CSI's breach, the Plaintiff has suffered damages in an amount to be determined at trial but believed to be in excess of $2,000,000.

## COUNT IV

### BREACH OF FIDUCIARY DUTY

63. The Plaintiff repeats and realleges the allegations set forth in paragraphs 1-62 above as if set forth in full herein.

64. Yenidjeian, as the former Vice President of Operations of Petals, had a fiduciary obligation to Petals.

65. Yenidjeian breached his fiduciary duty to Petals by failing to disclose his co-ownership of ImageSoft prior to Petals' retention of ImageSoft.

66. Yenidjeian further breached his fiduciary duty to Petals by receiving a "kick-back" from Bakhru and/or Imagesoft in exchange for Petals' retention of Elevation.

67. Yenidjeian, also breached his fiduciary duty to Petals by failing to notify Petals that the computer software system Elevation was retained to design and install would not be ready for installation on the date previously agreed upon by Petals and Elevation.

68. As a result of Yenidjeian's breach, the Plaintiff has suffered damages in an amount to be determined at trial but believed to be in excess of $2,000,000.

## COUNT V

### FRAUDULENT INDUCEMENT

69. The Plaintiff repeats and realleges the allegations set forth in paragraphs 1-68 above as if set forth in full herein.

70. Bakhru, as an owner of ImageSoft, Petals' computer software consultant, encouraged Petals to retain Elevation to design Petals' computer system. Bakhru

failed to disclose to Petals that he was receiving a "kick-back" from Elevation in exchange for Petals' retention of Elevation.

71. Bakhru also failed to disclose to Petals that he was remitting a portion of his "kick-back" to Yenidjeian, Petals' former Vice President of Operations and a co-owner of Defendant ImageSoft.

72. Bakhru fraudulently induced Petals to retain Elevation by failing to disclose the aforesaid "kick-back" scheme.

73. As a result of Bakhru's fraudulent inducement, the Plaintiff has suffered damages in an amount to be determined at trial but believed to be in excess of $2,000,000.

## COUNT VI
## LOST PROFITS

74. The Plaintiff repeats and realleges the allegations set forth in paragraphs 1-73 above as if set forth in full herein.

75. As result of Elevation's and ImageSoft's failure to timely develop and install a fully integrated functional computer system for Petals, Petals received countless complaints from its customers, many of who stated that they were long-time Petals customers yet would never purchase merchandise from Petals in the future.

76. As a result of Elevation's breach, Petals lost countless customers and has sustained damages in an amount to be determined at trial but believed to be in excess of $2,000,000.

**WHEREFORE**, Plaintiff, PETALS DECORATIVE ACCENTS LLC, demands judgment as follows:

   a. Judgment in the amount to be determined at trial but believed to be in excess of $2,000,000 on Count I;

   b. Judgment in the amount to be determined at trial but believed to be in excess of $2,000,000 on Count II;

   c. Judgment in the amount to be determined at trial but believed to be in excess of $2,000,000 on Count III;

   d. Judgment in the amount to be determined at trial but believed to be in excess of $2,000,000 on Count IV;

   e. Judgment in the amount to be determined at trial but believed to be in excess of $2,000,000 on Count V.

   f. Judgment in the amount to be determined at trial but believed to be in excess of $2,000,000 on Count VI.

   g. Interest, fees and such other relief, which this Court deems just and proper.

Dated:   New York, New York
         August 10, 2007

                              GERSTEN SAVAGE, LLP

                              By: _____
                                  David Lackowitz
                                  Robert Wolf
                                  Attorneys for Plaintiff
                                  PETALS DECORATIVE ACCENTS LLC
                                  600 Lexington Avenue, 9th Floor
                                  New York, N.Y. 10022
                                  (212) 752-9700

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X

PETALS DECORATIVE ACCENTS LLC,

               Plaintiff,               Index No. 602741/07

      -against-

THE ELEVATION GROUP LLC, CONTROL
SOLUTIONS INC., IMAGESOFT INC., TONY
YENIDJEIAN and DINESH BAKHRU,

               Defendants,
------------------------------------------------------------X

## SUMMONS AND COMPLAINT

GERSTEN SAVAGE, LLP
600 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022-6018
(212) 752-9700