UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETALS DECORATIVE ACCENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE ELEVATION GROUP LLC, CONTROL SOLUTIONS, INC., IMAGESOFT INC., TONY YENIDJEIAN, and DINESH BAKHRU<br><br>Defendants. | Index No.: 07CV8120 (HB)<br><br>**ANSWER, AFFIRMATIVE DEFENSES AND COUNTER-CLAIMS** |

Defendant, The Elevation Group LLC ("Elevation"), as and for its Answer, Affirmative Defenses, and Counter-claims to Plaintiff's Complaint, alleges and says:

## FACTUAL ALLEGATIONS

1. Elevation is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint, and therefore denies same.

2. Elevation admits the allegation contained in paragraph 2 of the Complaint that they are located at 2571 Baglyos Circle, Suite B33, Bethlehem, PA. 18020, and denies the remainder of the allegations contained in paragraph 2.

3. Elevation makes no response to the allegations contained in paragraph 3 of the Complaint as they are directed to other parties, except that any inferences contained therein against Elevation are denied.

4. Elevation makes no response to the allegations contained in paragraph 4 of the Complaint as they are directed to other parties, except that any inferences contained therein against Elevation are denied.

5. Elevation makes no response to the allegations contained in paragraph 5 of the Complaint as they are directed to other parties, except that any inferences contained therein against Elevation are denied.

6. Elevation makes no response to the allegations contained in paragraph 6 of the Complaint as they are directed to other parties, except that any inferences contained therein against Elevation are denied.

7. Elevation makes no response to the allegations contained in paragraph 7 of the Complaint as they are directed to other parties, except that any inferences contained therein against Elevation are denied.

8. Elevation admits the allegations contained in paragraph 8 of the Complaint.

9. Elevation denies the allegations contained in paragraph 9 of the Complaint.

10. Elevation makes no response to the allegations contained in paragraph 10 of the Complaint as they are directed to other parties, except that any inferences contained therein against Elevation are denied.

11. Elevation makes no response to the allegations contained in paragraph 11 of the Complaint as they are directed to other parties, except that any inferences contained therein against Elevation are denied.

12. Elevation makes no response to the allegations contained in paragraph 12 of the Complaint as they are directed to other parties, except that any inferences contained therein against Elevation are denied.

## **THE PARTIES AGREEMENT**

13. Elevation repeats and re-alleges each and every allegation contained in Paragraphs 1 through 12 as though fully set forth herein.

14. Elevation makes no response to the allegations contained in paragraph 14 of the Complaint as they are directed to other parties, except that any inferences contained therein against Elevation are denied.

15. Elevation denies that it entered into an oral agreement to design an all encompassing computer system for Petals, and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that Yenidjeian, ultimately made the decision to retain Elevation on behalf of Petals, and therefore denies same. Elevation admits the remainder of the allegations contained in paragraph 15 of the Complaint.

16. Elevation denies the allegations contained in paragraph 16 of the Complaint.

17. Elevation denies the allegations contained in paragraph 17 of the Complaint.

18. Elevation admits the allegations contained in paragraph 18 of the Complaint.

19. Elevation admits the allegations contained in paragraph 19 of the Complaint.

20. Elevation denies the allegations contained in paragraph 20 of the Complaint.

21. Elevation denies the allegations contained in paragraph 20 of the Complaint.

22. Elevation denies the allegations contained in paragraph 22 of the Complaint

23. Elevation admits the allegations as to Elevation contained in paragraph 23 of the Complaint but is without knowledge with respect to any allegation in paragraph 23 as against ImageSoft Inc.

24. Elevation denies the allegations contained in paragraph 24 of the Complaint.

25. Elevation denies the allegations contained in paragraph 25 of the Complaint.

26. Elevation denies the allegations contained in paragraph 26 of the Complaint, except that it admits that Petals agreed to compensate Elevation at a billing rate of $165/hr.

27. Elevation denies the allegations contained in paragraph 27 of the Complaint.

### **THE DEFENDANT'S BREACH**

28. Elevation repeats and re-alleges each and every allegation contained in Paragraphs 1 through 27 as though fully set forth herein.

29. Elevation denies the allegations contained in paragraph 29 of the Complaint.

30. Elevation makes no response to the allegations contained in paragraph 30 of the Complaint as they are directed to other parties, except that any inferences contained therein against Elevation are denied.

31. Elevation denies the allegations contained in paragraph 31 of the Complaint.

32. Elevation makes no response to the allegations contained in paragraph 32 of the Complaint as they are directed to other parties, except that any inferences contained therein against Elevation are denied.

33. Elevation makes no response to the allegations contained in paragraph 33 of the Complaint as they are directed to other parties, except that any inferences contained therein against Elevation are denied.

34. Elevation denies the allegations contained in paragraph 34 of the Complaint.

35. Elevation makes no response to the allegations contained in paragraph 35 of the Complaint as they are directed to other parties, except that any inferences contained therein against Elevation are denied.

36. Elevation admits the allegation as to Elevation contained in paragraph 36 of the Complaint that it retained CSI but makes no response to any allegation contained in paragraph 36 as against CSI.

37. Elevation denies the allegations contained in paragraph 37 of the Complaint.

38. Elevation denies the allegations contained in paragraph 38 of the Complaint.

39. Elevation denies the allegations contained in paragraph 39 of the Complaint.

40. Elevation admits the allegations contained in paragraph 40 of the Complaint.

41. Elevation denies the allegations contained in paragraph 41 of the Complaint.

42. Elevation denies the allegations contained in paragraph 42 of the Complaint.

43. Elevation is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of the Complaint, and therefore denies same.

44. Elevation denies the allegations contained in paragraph 44 of the Complaint.

45. Elevation denies the allegations contained in paragraph 45 of the Complaint, except that Elevation is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Petals is often unaware of whether its products have even been shipped to its customers, and therefore denies same.

46. Elevation denies the allegations contained in paragraph 46 of the Complaint.

47. Elevation denies the allegations contained in paragraph 47 of the Complaint.

48. Elevation denies the allegations contained in paragraph 48 of the Complaint.

49. Elevation denies the allegations contained in paragraph 49 of the Complaint.

50. Elevation denies the allegations contained in paragraph 50 of the Complaint.

## COUNT I
## BREACH OF CONTRACT

51. Elevation repeats and re-alleges each and every allegation contained in Paragraphs 1 through 50 as though fully set forth herein.

52. Elevation denies the allegations contained in paragraph 52 of the Complaint.

53. Elevation denies the allegations contained in paragraph 53 of the Complaint.

54. Elevation denies the allegations contained in paragraph 54 of the Complaint.

## COUNT II
## BREACH OF CONTRACT

55. Elevation repeats and re-alleges each and every allegation contained in Paragraphs 1 through 54 as though fully set forth herein.

56. Elevation makes no response to the allegations contained in paragraph 56 of the Complaint as they are directed to other parties, except that any inferences contained therein against Elevation are denied.

57. Elevation makes no response to the allegations contained in paragraph 57 of the Complaint as they are directed to other parties, except that any inferences contained therein against Elevation are denied.

58. Elevation denies the allegations contained in paragraph 58 of the Complaint.

59. Elevation makes no response to the allegations contained in paragraph 59 of the Complaint as they are directed to other parties, except that any inferences contained therein against Elevation are denied.

## COUNT III
## BREACH OF CONTRACT-PLAINTIFF AS THIRD PARTY BENEFICIARY

60. Elevation repeats and re-alleges each and every allegation contained in Paragraphs 1 through 59 as though fully set forth herein.

61. Elevation makes no response to the allegations contained in paragraph 61 of the Complaint as they are directed to other parties, except that any inferences contained therein against Elevation are denied.

62. Elevation makes no response to the allegations contained in paragraph 62 of the Complaint as they are directed to other parties, except that any inferences contained therein against Elevation are denied.

## COUNT IV
## BREACH OF FIDUCIARY DUTY

63. Elevation repeats and re-alleges each and every allegation contained in Paragraphs 1 through 62 as though fully set forth herein.

64. Elevation makes no response to the allegations contained in paragraph 64 of the Complaint as they are directed to other parties, except that any inferences contained therein against Elevation are denied.

65. Elevation makes no response to the allegations contained in paragraph 65 of the Complaint as they are directed to other parties, except that any inferences contained therein against Elevation are denied.

66. Elevation makes no response to the allegations contained in paragraph 66 of the Complaint as they are directed to other parties, except that any inferences contained therein against Elevation are denied.

67. Elevation makes no response to the allegations contained in paragraph 67 of the Complaint as they are directed to other parties, except that any inferences contained therein against Elevation are denied.

68. Elevation makes no response to the allegations contained in paragraph 68 of the Complaint as they are directed to other parties, except that any inferences contained therein against Elevation are denied.

## COUNT V
## FRAUDULENT INDUCEMENT

69. Elevation repeats and re-alleges each and every allegation contained in Paragraphs 1 through 68 as though fully set forth herein.

70. Elevation makes no response to the allegations contained in paragraph 70 of the Complaint as they are directed to other parties, except that any inferences contained therein against Elevation are denied.

71. Elevation makes no response to the allegations contained in paragraph 71 of the Complaint as they are directed to other parties, except that any inferences contained therein against Elevation are denied.

72. Elevation makes no response to the allegations contained in paragraph 72 of the Complaint as they are directed to other parties, except that any inferences contained therein against Elevation are denied.

73. Elevation makes no response to the allegations contained in paragraph 73 of the Complaint as they are directed to other parties, except that any inferences contained therein against Elevation are denied.

## COUNT VI
## LOST PROFITS

74. Elevation repeats and re-alleges each and every allegation contained in Paragraphs 1 through 73 as though fully set forth herein.

75. Elevation denies the allegations contained in paragraph 75 of the Complaint.

76. Elevation denies the allegations contained in paragraph 76 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred because Elevation owes no contractual obligations to Petals.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred because Elevation discharged each and every of its contractual obligations fully, completely and in good faith.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by the equitable doctrines of unclean hands, laches and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred because Petals sustained no cognizable damages attributable to Elevation.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred because Petals' damages, if any, were sustained as a result of its own acts or omissions or as a result of the acts or omissions of third parties

outside of Elevation's control.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred because Petals failed to mitigate its damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable statue of limitations.

**WHEREFORE,** defendant, The Elevation Group LLC, demands judgment in its favor and against plaintiff dismissing the Complaint in its entirety with prejudice and awarding attorneys' fees and costs as well as such other and further relief as this Court deems equitable and just.

### COUNTER-CLAIMS

### FIRST COUNTER-CLAIM FOR BREACH OF CONTRACT

1. On or about May 2006, Elevation and Petals Decorative Accents LLC ("Petals") entered into and mutually executed a professional services contract whereby Elevation was to implement software solutions, consulting, and applications to Petals.

2. Pursuant to the terms of said agreement, Elevation was to provide Petals with management system software and implement solutions on a time and materials basis.

3. Pursuant to the terms and conditions of said agreement, Petals was obligated to pay Elevation for its services on an hourly billing rate of $165/hour.

4. Elevation at all times provided its services to Petals in good faith and in a timely, skilled, and satisfactory manner.

5. Petals accepted and benefited from the services rendered by Elevation.

6. Elevation timely and adequately provided Petals with itemized invoices requesting payment for services rendered.

7. At no time did Petals object to the amounts set forth in each itemized invoice for payment, provided by Elevation, nor did Petals make any objection or complaint with respect to the services provided by Elevation.

8. Despite repeated requests for payment, Petals has failed and refused to remit outstanding sums due and owing to Elevation, in the sum of $236,872.79.

9. Petals has breached the contract mutually agreed to and executed by the parties herein by its failure and refusal to meet its obligation to pay for the services rendered by Elevation, pursuant to their mutual agreement.

10. As a result of Petal's breach of the parties' contract, Elevation has been damaged in the sum of $236,872.79 and applicable interest.

11. Therefore, Elevation, seeks judgment as against Petals, in the amount of $236,872.79 and applicable interest, plus incidental and consequential damages.

### SECOND COUNTER-CLAIM FOR UNJUST ENRISHMENT

12. Elevation provided Petals with services in good faith, for the agreed upon sum and fair and reasonable value of $710,977.79 of which $236,872.79 remains due and owing to Elevation.

13. The Plaintiff received and accepted the services from the Elevation pursuant to the itemized invoices provided by Elevation to Petals.

14. Petals has reaped the benefit of the services provided by the Elevation including a viable usable software system, and has failed and refused to provide payment due to the Elevation.

15. Equity and justice require that Petals make restitution to the Elevation in the amount of $236,872.79.

16. Therefore, Elevation demands judgment as against the Plaintiff in the amount of $236,872.79 and applicable interest, plus incidental and consequential damages, and attorneys' fees and costs.

### THIRD COUNTER-CLAIM FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

17. Petals has breached the covenant of good faith and fair dealing implied in all contracts to the detriment of Elevation.

**WHEREFORE,** Defendant, The Elevation Group LLC, demands judgment in its favor and against Plaintiff in the amount of $236,872.79 and applicable interest, plus incidental and consequential damages, and attorneys' fees and costs.

### CROSS-CLAIMS

### FIRST CROSS-CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACT

18. Control Solutions, Inc. ("CS") contracted to perform IT and data services to Petals by December 1, 2006.

19. On or about May 2006, Elevation, and Petals Decorative Accents LLC ("Petals") entered into and mutually executed a professional services contract whereby Elevation was to implement software solutions, consulting, and applications to Petals.

20. CS was, at all relevant times, knowledgeable about the existence of a valid contract between Elevation and Petals.

21. CS failed to perform its obligations in a timely and adequate fashion which caused unnecessary delay and expense upon Cross-claimant's ability to perform its own contractual obligations to Petals.

22. In consequence of CS's failure, Cross-claimant not only had to delay the performance of its obligations to Petals but it also rendered performance more difficult.

23. As a result of CS's unlawful interference, the Cross-claimant suffered damages in an amount to be determined at trial, but believed to be $236,872.79 and applicable interest, plus incidental and consequential damages.

**WHEREFORE,** Defendant, The Elevation Group LLC, demands judgment in its favor and against Plaintiff in an amount to be determined at trial, plus incidental and consequential damages, and attorneys' fees and costs.

## SECOND CROSS-CLAIM FOR BREACH OF CONTRACT

24. On May 26, 2006, Elevation and ImageSoft, Inc. entered into and mutually executed a transfer of ownership and purchase agreement, whereby ImageSoft, Inc. was to sell and transfer line-of-business rights for the management and maintenance of Petals exclusively to Elevation.

25. Pursuant to the terms of said agreement, Elevation retained exclusive rights and responsibility for all current and future IT initiatives for Petals.

26. Pursuant to the terms of said agreement, ImageSoft, Inc. was precluded from providing employment or use of services to Petals, without the prior written consent of Elevation, for the term of the agreement and six months after its termination or expiration.

27. ImageSoft, Inc. breached the terms of said agreement causing the Cross-claimant to suffer damages in an amount to be determined at trial, but believed to be $236,872.79 and applicable interest, plus incidental and consequential damages.

**WHEREFORE,** Defendant, The Elevation Group LLC, demands judgment in its favor and against Plaintiff in an amount to be determined at trial, applicable interest, plus incidental and consequential damages, attorneys' fees and costs.

### THIRD CROSS-CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACT

28. On May 26, 2006, Elevation, and ImageSoft, Inc. entered into and mutually executed a transfer of ownership and purchase agreement, whereby ImageSoft, Inc. was precluded from providing employment or use of services to Petals for the duration of the agreement and for six months after its termination or expiration.

29. Pursuant to the terms of said agreement, ImageSoft, Inc. failed to comply with its contractual obligations, which caused unnecessary delay and expense upon Cross-claimant's ability to perform its own obligations to Petals.

30. In consequence of ImageSoft, Inc.'s failure, Cross-claimant not only had to delay the performance of its obligations to Petals but it also rendered performance more difficult.

31. That as a result of ImageSoft, Inc.'s unlawful interference, the Cross-claimant suffered damages in an amount to be determined at trial, but believed to be $236,872.79 and applicable interest, plus incidental and consequential damages.

**WHEREFORE,** Defendant, The Elevation Group LLC, demands judgment in its favor and against Plaintiff in an amount to be determined at trial, applicable interest, plus incidental and consequential damages, and attorneys' fees and costs.

### FOURTH CROSS-CLAIM FOR FRAUDULENT CONCEALMENT

32. Dinesh Bakhru ("Bakhru"), as an owner of ImageSoft, Inc., knowingly and fraudulently induced Elevation to replace ImageSoft, Inc. in procuring a software management system for Petals through fraudulent concealment of a material fact.

33. Bakhru, despite his professional obligation to make such disclosure, failed to disclose to Elevation that Tony Yenidjeian ("Yenidjeian") was connected to ImageSoft, Inc. in any way and would be, personally, receiving a portion of ImageSoft, Inc.'s required commission from Elevation.

34. That Bakru's concealment induced Elevation to contract to work with Petals and Elevation justifiably relied on Bakru's advice in the belief that Bakru had undertaken to provide professional advice in Elevation's best interests.

35. As a result of Bakhru's fraudulent inducement and concealment, Elevation has suffered damages in an amount to be determined at trial, 00.04 in commissions, $236,872.79 and applicable interest, attorneys' fees and costs, plus incidental and consequential damages.

**WHEREFORE,** Defendant, The Elevation Group LLC, demands judgment in its favor and against Plaintiff in an amount to be determined at trial, but including $79,000.04 in commissions, $236,872.79 and applicable interest, attorneys' fees and costs, plus incidental and consequential damages.

### FIFTH CROSS-CLAIM FOR FRAUDULENT CONCEALMENT

36. Tony Yenidjeian ("Yenidjeian"), as an owner of ImageSoft Inc., knowingly and fraudulently induced Elevation to replace ImageSoft in procuring a software management system for Petals through fraudulent concealment of a material fact.

37. That Yenidjeian, despite his professional obligation to make such disclosure, failed to disclose to Elevation, that he was in any way connected to ImageSoft and would be, personally, receiving a portion of ImageSoft's required commission from Elevation.

38. That Yenidjeian's concealment induced Elevation to contract to work with Petals and Elevation justifiably relied on Yenidjeian's advice in the belief that he had undertaken to provide professional advice in Elevation's best interests.

39. As a result of Yenidjeian's fraudulent inducement and concealment, Elevation has suffered damages in an amount to be determined at trial, and applicable interest, attorneys' fees, plus incidental and consequential damages.

**WHEREFORE,** Defendant, The Elevation Group LLC, demands judgment in its favor and against Plaintiff in an amount to be determined at trial, but including $79,000.04 in commissions, $236,872.79 and applicable interest, attorneys' fees and costs, plus incidental and consequential damages.

## SIXTH CROSS-CLAIM FOR CONTRIBUTION

40. Elevation denies any and all legal liability and responsibility for the acts alleged in Plaintiff's Complaint.

41. If Elevation should be found liable to Petals, which liability is denied, Elevation asserts that Co-Defendant's are jointly responsible with respect to any loss, liability or expense on account of Petals demand for judgment.

**WHEREFORE,** Defendant, The Elevation Group LLC, demands judgment for contribution against Co-Defendants.

## SEVENTH CROSSCLAIM FOR COMMON LAW INDEMNIFICATION

42. Elevation denies any and all legal liability and responsibility for the acts alleged in the Plaintiff's Complaint.

43. If Elevation should be found liable to Petals, which liability is denied, said liability will only be secondary, passive, technical, vicarious or imputed and the liability of other Co-Defendant's will be herein is primary, active and direct.

**WHEREFORE,** Defendant, The Elevation Group LLC, demands judgment against co-defendants for indemnification in full with respect to any damages which may be recovered against The Elevation Group LLC by Petals Decorative Accents LLC.

## ANSWER TO CROSSCLAIMS

44. Defendant, The Elevation Group LLC, denies each and every allegation contained in any Cross-claims heretofore or hereafter asserted against it.

McCUSKER, ANSELMI, ROSEN
& CARVELLI P.C.
127 Main Street
Chatham, New Jersey 07928
(973) 635-6300

/s/ Paul G. McCusker
Paul G. McCusker, Esq. (PM 7235)

Dated: October 16, 2007

## CERTIFICATE OF SERVICE PURSUANT TO R. 4:6-1

**I HEREBY CERTIFY** that on this day of October 15, 2007, a true and correct copy of the foregoing Answer was served electronically upon the Court and by email to the following counsel:

Robert Wolf
David Lackowitz
600 Lexington Avenue, 9th Floor
New York, New York 10022
212-752-9700
Attorneys for Plaintiff, Petals
Decorative Accents LLC

Barry Levin
600 Old Country Road, Ste. 333
Garden City, New York 11530
516-222-4500
Attorney for Defendants,
ImageSoft, Inc. and Dinesh Bakhru

Elliot J. Stein, Esq.
STEVENS & LEE
A Pennsylvania Professional Corporation
85 Madison Avenue, 20th Floor
212-319-8500
Attorneys for Defendant, Control
Solutions, Inc.

Tony Yenidjeian
13 Dawn Lane
Suffern, New York 10901
*Pro Se* Representation


McCUSKER, ANSELMI, ROSEN &
CARVELLI P.C.
127 Main Street
Chatham, New Jersey 07928
(973) 635-6300
Attorneys for Defendant
The Elevation Group LLC


By: /s/ Paul G. McCusker
    Paul G. McCusker, Esq. (PM 7235)

Dated: October 16, 2007