Elliott J. Stein (ES4378)
STEVENS & LEE
A Pennsylvania Professional Corporation
485 Madison Avenue, 20th Floor
New York, New York 10022
(212) 319-8500
Attorneys for Defendant
Control Solutions, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| PETALS DECORATIVE ACCENTS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:  07-CV-8120 (HB) |
| | ) | ECF CASE |
| v. | ) | |
| | ) | |
| THE ELEVATION GROUP, LLC, | ) | |
| CONTROL SOLUTIONS, INC., | ) | |
| IMAGESOFT, INC., TONY YENIDJEIAN | ) | |
| and DINESH BAKHRU. | ) | |
| | ) | |
| Defendants. | | |

## DEFENDANT CONTROL SOLUTIONS, INC.'S
## BRIEF IN SUPPORT OF ITS MOTION TO TRANSFER VENUE

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... ii

INTRODUCTION ............................................................................................... 1

FACTUAL BACKGROUND ................................................................................. 1

LEGAL ARGUMENT

    A.  THE COURT SHOULD TRANSFER THIS MATTER TO
        NEW JERSEY BASED ON FORUM NON CONVENIENS
        UNDER 28 U.S.C. § 1404(a) .............................................................. 2

        1.  Convenience of the Parties.......................................................... 2

        2.  Convenience and Accessibility of Material Witnesses and
            Availability of Compulsory Process ........................................ 4

        3.  Relative Ease of Access to Sources of Proof.............................. 5

        4.  Interests of Justice...................................................................... 5

        5.  Plaintiff's Choice of Forum ....................................................... 6

CONCLUSION ................................................................................................... 7

## TABLE OF AUTHORITIES

### CASES

AFA Enterprises, Inc. v. Am. States Ins. Co.,
842 F.Supp. 902 (S.D.W.V. 1994)................................................................4

Allegiance Healthcare Group v. London Intern. Group,
1998 WL 328624 (S.D.N.Y. 1992)................................................................2

Glamorgan Coal Co. v. Ratners Group PLC,
854 F.Supp. 436 (N.D. Cal. 1998)................................................................5

Helfant v. Louisiana and Southern Life Ins. Co.,
82 F.R.D. (E.D.N.Y. 1979)................................................................5

Hernandez v. Graebel Van Lines,
761 F.Supp. 983 (E.D.N.Y. 1991)................................................................2, 3

Lung v. Yachts Int'l Ltd.,
980 F.Supp. 1362 (D. Haw. 1997)................................................................4, 6

Ortix Credit Alliance, Inc. v. Mid-South Materials Corp.,
816 F.Supp. 230 (S.D.N.Y. 1993)................................................................4

St. Cyr v. Greyhound Lines, Inc.,
486 F.Supp. 724 (E.D.N.Y. 1980)................................................................2, 3, 5, 6

St. Regis Mohawk Tribe v. State of New York,
774 F.Supp. 185 (S.D.N.Y. 1991)................................................................7

Sussman v. Bank of Israel,
801 F.Supp. 1068 (S.D.N.Y. 1992)................................................................2

Trustees v. Delta Automatic Systems, Inc.,
1992 WL 175503 (D. Md. 1992)................................................................4

William v. Sears Roebuck & Co.,
1998 WL 61307 (N.D. Cal. 1998)................................................................3

### STATUTES

28 U.S.C. § 1404(a)................................................................1, 2, 7

SL1 758999v1/096175.00009

## I.    INTRODUCTION

This Court should transfer this action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a) for the convenience of the witnesses and parties and in the interest of justice.

## II.    FACTUAL BACKGROUND

Control Solutions, Inc. (hereinafter "Control Solutions") is incorporated under the laws of the State of New Jersey[1] and its principal place of business is located in the State of New Jersey. Declaration of Elliott J. Stein ("Stein Declaration") at ¶ 2. Control Solutions does not have any offices, property, employees or agents located in New York. Stein Declaration at ¶ 3.

In June 2006, Control Solutions entered into a Mutual Co-Marketing Agreement (the "Agreement") with The Elevation Group, LLC (the "Elevation Group"). Under the terms of the Agreement, Elevation Group agreed to sell specific software products developed by Control Solutions to end user customers. The Agreement contains a forum selection clause which clearly states that the Agreement shall be construed and enforced in accordance with the laws of the State of New Jersey. Stein Declaration at ¶ 4 and Exhibit A.

Upon information and belief, Elevation Group subsequently entered into a contract with Petals Decorative Accents, LLC a Connecticut limited liability company with offices in Tennessee. Stein Declaration at ¶ 5.

---

[1] Plaintiff alleges that Control Solutions is a New York corporation, but Control Solutions believes this to be a different entity.

None of the negotiations between Control Solutions and Elevation Group regarding the Agreement took place in New York. See id. at ¶ 6. The work performed under the terms of the contract between Control Solutions and Elevation Group was performed in New Jersey and Tennessee. See id. at ¶ 7. The Control Solutions personnel who performed services under the contract between Control Solutions and Elevation Group were located in New Jersey. See id. at ¶ 8.

## III.     LEGAL ARGUMENT

### A.     THE COURT SHOULD TRANSFER THIS MATTER TO NEW JERSEY BASED PURSUANT TO 28 U.S.C. § 1404(a)

Control Solutions requests that the Court transfer this matter to the United States District Court for the District of New Jersey based on forum non conveniens under 28 U.S.C. § 1404(a).

"The goal of 28 U.S.C. § 1404(a) is to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Hernandez v. Graebel Van Lines, 761 F.Supp. 983, 986 (E.D.N.Y. 1991). A federal district court has broad discretion to transfer a matter to another district court "for the convenience of the parties and witnesses, in the interests of justice." 28 U.S.C. § 1404(a); Sussman v. Bank of Israel, 801 F.Supp. 1068, 1071 (S.D.N.Y. 1992). Moreover, "it is also clear that a removed action may be transferred to a more appropriate district." St. Cyr v. Greyhound Lines, Inc., 486 F.Supp. 724, 727 (E.D.N.Y. 1980).

A court's inquiry on a motion to transfer is two-fold. Hernandez, *supra*, 761 F.Supp. at 986. First a movant must establish that the action "might have been brought in the district court

2

which the movant seeks to have the case litigated." Id.  The District of New Jersey is a district

where the action might have been brought originally by plaintiff.  Defendant Control Solutions is

based in New Jersey and some of the complained of conduct occurred in New Jersey.  More

importantly, transfer of this action to New Jersey would not destroy diversity among the parties.

Once it has been established that the case might have been brought in the transferee

district, the court should then consider whether transfer to the requested district is appropriate.

See id.  In making this determination, a court should consider a number of factors, among them:

(1) the convenience of the parties, (2) the convenience and availability of witnesses,  (3)  the

relative ease of access to sources of proof , (4) the interests of justice in general and (5) plaintiff's

choice of forum. See, e.g., St. Cyr, supra, 486 F.Supp. at 727;  Williams v. Sears Roebuck &

Co., 1998 WL 61307, *1-2 (N.D. Cal. 1998).  "The burden is on the movant to make a clear-cut

showing that the balance of conveniences and the interests of justice favor a trial in the proposed

transferee forum."  St. Cyr, supra, 486 F.Supp. at 727.

## 1.     Convenience of the Parties

In analyzing this factor, "the logical and relevant starting point is a consideration of the

residence of the parties." Hernandez, supra, 761 F.Supp. at 988.  Control Solutions has its

principal place of business in New Jersey.  Upon information and belief, two of the other

defendants reside in New Jersey.  Not even the plaintiff whose corporate headquarters is located

in Connecticut has a principal place of business in New York.  In addition, plaintiff regularly

conducts business throughout the country.  In fact, only one party, Imagesoft, is located in the

State of New York, and not even in New York County.  It appears that plaintiff's only connection

3

to New York County and the Southern District is the fact that plaintiff's counsel's office is in

New York City.  However, "any inconvenience to counsel is unpersuasive and generally not a

factor" for the court to consider.  Id.  Therefore, this factor favors transfer to New Jersey.  See,

e.g. Trustees v. Delta Automatic Systems, Inc., 1992 WL 175503, *5 (D. Md. 1992)(court

ordered transfer when plaintiff could not identify any specific hardship in litigating matter in

state where defendant's only place of business was located);  Lung v. Yachts Int'l, Ltd., 980

F.Supp. 1362, 1372 (D. Haw. 1997)(action transferred nearly six thousand miles based partly on

the fact that of 13 witnesses only two – the plaintiffs resided in state).

    In addition, "[a] forum selection clause is determinative of the convenience of the

parties."  Ortix Credit Alliance, Inc. v. Mid-South Materials Corp., 816 F.Supp. 230, 234

(S.D.N.Y 1993).  The contract between Control Solutions and The Elevation Group which is at

issue in this case clearly states at paragraph 8:  'This Agreement shall be construed and enforced

in accordance with the laws of the State of New Jersey."  See Stein Declaration at  Exhibit A.

Thus, it is clear that this factor weighs heavily in favor of transfer of this action to New Jersey.

## 2.   Convenience and Accessibility of Material Witnesses and Availability of Compulsory Process

    In determining whether to transfer an action, it is of substantial importance if necessary

non-party witnesses are not within either the borders of the state or the subpoena power of the

court. AFA Enterprise, Inc. v. Am. States Ins. Co., 842 F.Supp. 902, 909 (S.D.W.V.

1994)(transferring case for the convenience of the parties and nonparty witnesses located in other

state); see also Glamorgan Coal Co. v. Ratners Group PLC, 854 F.Supp. 436, 437 (W.D. VA.

1993)(although both parties were from different states, court transferred case after it determined

4

that deciding factor was location of more of the witnesses outside of state). All of Control

Solutions' witnesses are located in the State of New Jersey. Upon information and belief, the

two individually named defendants, who are also the principals of defendant Imagesoft, are

residents of the State of New Jersey. The Elevation Company's witnesses are located in

Pennsylvania, and Plaintiff's witnesses are located in Connecticut and Tennessee. At this

juncture, it is unclear how many witnesses, if any, are located in New York. Thus, this factor

significantly favors transfer to New Jersey. See, e.g., Allegiance Healthcare Group v. London

Intern. Group, 1998 WL 328624, *3 (N.D. Cal. 1998)(transfer granted where plaintiffs' only in-

state witnesses were its own employees).

### 3.    Relative Ease of Access to Sources of Proof

This factor favors a transfer of this action to New Jersey over keeping this dispute in the

Southern District of New York. Control Solutions offices, files and witnesses are located in New

Jersey. It is believed that the two individually named defendants are New Jersey residents. The

Elevation Group's offices, files and witnesses are located in Pennsylvania. Plaintiff's office,

files and witnesses are located in both Connecticut and Tennessee. Thus, only the offices of

Imagesoft, in Poughkeepsie, are located within the State of New York. Clearly, this factor

favors transfer to New Jersey. See, e.g., St. Cyr, *supra*, 486 F.Supp. at 728; Helfant v.

Louisiana and Southern Life Ins. Co., 82 F.R.D. 53 (E.D.N.Y. 1979).

### 4.    Interests of Justice

This dispute does not center around services to be provided in New York, negotiations

that occurred in New York or contracts that were entered into in New York. As to Control

SL1 758277v1/096175.00009

Solutions, this dispute centers around a contract that provides for the application of New Jersey law, services that were performed in New Jersey for installation in Tennessee. Thus, this factor favors a transfer of this action to New Jersey. See, e.g., Lung v. Yachts Int'l, Ltd., 980 F.Supp. 1362, 1370 (D. Haw. 1997)(action transferred where court recognized that "focal point" of the case was not within the state chosen by plaintiff).

**5.    Plaintiff's Choice of Forum**

Plaintiff's initially filed its action in the Supreme Court of New York, New York County. Control Solutions then removed the action to the Southern District of New York. Based upon allegations that Control Solutions and Elevation Group were New York corporations, plaintiff chose New York as its forum for this action. Although a plaintiff's choice of forum is normally entitled to considerable weight in this determination, the deference due to a plaintiff's choice is "seriously undermined" when none of the conduct complained of occurs in the forum of plaintiff's choice. St. Cyr, supra, 486 F.Supp. at 727. In the present case, other than the fact that Imagesoft is located in Poughkeepsie, New York[2], this State has nothing to do with this action. The Plaintiff's principal place of business is in the State of Connecticut and the contracted for work was to be installed and utilized at Plaintiff's locale in the State of Tennessee. Control Solutions' principal place of business is located in the State of New Jersey, and the contract dealing with Control Solutions' work has a forum selection clause that designates the application of New Jersey law to any contractual disputes. A large majority of the work performed by Control Solutions took place in New Jersey. The Elevation Group's principal place of business

---

[2] It should be noted that New York County was an improper venue for this case as none of the parties are located there, none of the complained of conduct took place there and the only defendant located in the State of New York is located in Dutchess County. Thus, the Southern District of New York is also an improper venue for this action.

6

is in Pennsylvania. Upon information and belief the two individually named defendants are residents of the New Jersey. In fact, it appears that the only connection with the Southern District (and New York County) present in this case is that plaintiff's counsel is located in New York City. This is simply not enough. See, e.g., St. Regis Mohawk Tribe v. State of New York, 774 F. Supp. 185, 189 (S.D.N.Y. 1991)(court stating that plaintiff's choice of forum carries little weight when the only connections with the Southern District are that both plaintiff's counsel and the principal office of the Racing and Wagering Board are located in New York City, and the fact that one negotiating sessions was held there). Therefore, because New York lacks significant interest in this dispute, this factor should no be used to block the requested transfer of venue. This factor favors transfer of this action to the District of New Jersey.

### Conclusion

As set forth above all six factors applicable to a motion under 28 U.S.C. § 1404(a) favor transfer of this action to New Jersey, where the majority of the defendants are located. As such, Control Solutions respectfully requests that this Court grant Defendant Control Solutions, Inc.'s motion and transfer the present action to the District of New Jersey.

Dated: October 19, 2007                         STEVENS & LEE, P.C.

By:   /s Elliott J. Stein        
        Elliott J. Stein (ES 4378)
        STEVENS & LEE, P.C.
        485 Madison Avenue, 20th Fl.
        New York, New York 10022
        (212) 319-8500

        Attorneys for Defendant
        Control Solutions, Inc.

7