UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

PETALS DECORATIVE ACCENTS, LLC

        Elevation,

- against -

THE ELEVATION GROUP, LLC, CONTROL SOLUTIONS INC. IMAGESOFT INC., TONY YENIDJEIAN and DINESH BAKHRU.

        Defendants

Index No.: 07CV8120 (HB)

**ANSWER TO CROSS-CLAIMS OF ELEVATION AS AGAINST IMAGESOFT AND BAKHRU**

---

       Cross-Claim Defendants, **IMAGESOFT, INC** and **DINESH BAKHRU**, by their attorney, Barry Levin, Esq., answering the Cross-Claims of Elevation, allege as follows:

       1.    Deny knowledge and information sufficient to form a belief as to each and every allegation as contained in Paragraphs "18", "19", "20", "21", "22", "23".

       2.    Deny the allegations as contained in Paragraph "24" except admits that an agreement existed and refer the Honorable Court to the document for an interpretation of its terms.

       3.    Deny the allegations as contained in Paragraphs "25", "26" and "27" in their entirety. .

       4.    Deny the allegations as contained in Paragraph "28" except admits that an agreement existed and refer the Honorable Court to the document for an interpretation of its terms.

       5.    Deny the allegations as contained in Paragraphs "29", "30" and "31" in their entirety.

6.  Deny the allegations as contained in Paragraphs "32", "33", "34", "35","36", "37", "38", "39, "40", "41","42" and "43" in their entirety.

## AS AND FOR CROSS-CLAIM DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

7.  That Elevation's claims as against ImageSoft and Bakhru are barred by the doctrine of unclean hands, laches and estoppel.

8.  Accordingly, Elevation's claims are subject to dismissal.

## AS AND FOR CROSS-CLAIM DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

9.  Elevations has failed to plead with the requisite particularity the precise ground upon which Cross-Claim Defendants, ImageSoft and Bakhru, allegedly committed fraud upon the Elevation and has failed to satisfy the requirements of the Fed Rules Civil Proc. 9 (b).

10. Elevation has failed to plead with the requisite particularity the allegations concerning representations allegedly made by the answering Cross-Claim Defendants herein, including the date, time and parties to the alleged communications, as well as the contents of said statements.

11. Cross-Claim Defendants did not make any representations to Petals as to the retention of Elevation.

12. The Plaintiffs, Petals, conducted its own in-house due diligence with respect to Elevation's proposal, as well as the proposals of at least five other providers of similar services, without any influence, inducement or persuasion from the answering Cross-Claim Defendants.

13. That at no time, either presently or in the past, did Yenidjeian hold a ownership interest in ImageSoft, nor did he hold any position therein as an officer, director, principal, agent, employee or otherwise. Yenidgeian held no interest whatsoever in ImageSoft.

14. The Cross-Claim Defendant, ImageSoft, was at all relevant times an independent contractor retained to provide professional services to Petals under an explicit professional services contract dated December 30, 2003.

15. No "kickback" or any other compensation was provided by ImageSoft or Bakhru to Yenidjeian, Elevation or any other individual at any time.

17.

18   Therefore, Elevation has failed to state a cause of action for fraud.

19. Accordingly, the claim is subject to dismissal.

## AS AND FOR CROSS-CLAIM DEFENDANTS' THIRD AFFIRMATIVE DEFENSE

20. That any injuries and/or damages sustained by Elevation, as alleged in the Complaint, were caused in whole or in part by the contributory negligence and/or culpable conduct and/or breach of contract of others and not as a result of any contributory negligence or culpable conduct on the part of the answering Cross-Claim Defendants.

## AS AND FOR CROSS-CLAIM DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

21. If Elevation has been damaged as alleged in its Cross-Claims, and such damage did not arise as a result of Elevation's own intentional and/or negligent acts and omissions, then such damage arose as the result of the negligence or fault on the part of other persons or entities for whose acts the answering Cross-Claim Defendants, ImageSoft and Bakhru, are not liable or responsible.

## AS AND FOR CROSS-CLAIM DEFENDANTS FIFTH AFFIRMATIVE DEFENSE

22.     That the amount of actual damages claimed by Elevation herein are baseless and grossly exaggerated and far exceed any actual damages, if any exist.

**WHEREFORE**, Cross-Claim Defendants, ImageSoft and Bakhru demands that the Cross-Claims of Elevation be dismissed in their entirety and for such further relief this Court deems just and proper.

Dated:  Garden City, New York
        October 23, 2007

_____
BARRY LEVIN (BL 2079)
Attorney for *ImageSoft and Bakhru*
600 Old Country Road, Ste. 333
Garden City, New York 11530
516-222-4500