UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETALS DECORATIVE ACCENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE ELEVATION GROUP LLC, CONTROL SOLUTIONS, INC., IMAGESOFT INC., TONY YENIDJEIAN, and DINESH BAKHRU<br>Defendants. | Index No.: 07CV8120 (HB)<br><br><br>ANSWER TO CROSS-CLAIMS OF IMAGESOFT, INC. AND DINESH BAKRU AS AGAINST THE ELEVATION GROUP LLC. |

Cross-Claim Defendant, The Elevation Group LLC ("Elevation"), as and for its Answer to the Cross-Claims of ImageSoft, Inc. and Dinesh Bakru, alleges and says:

**AS AND FOR A FIRST CROSS-CLAIM AS AGAINST ELEVATION**

**BREACH OF CONTRACT**

1-83. Elevation makes no response to the allegations contained in Paragraphs 1 through 83 as they are directed to other parties, except that any inferences contained therein against Elevation are denied.

84. Elevation responds that the contractual agreement between ImageSoft and Elevation speaks for itself, and therefore no response is necessary.

85. Elevation denies the allegation contained in Paragraph 85.

86. Elevation denies the allegation contained in Paragraph 86.

87. Elevation denies the allegation contained in Paragraph 87.

88. Elevation denies the allegation contained in Paragraph 88.

89. Elevation denies the allegation contained in Paragraph 89.

90. Elevation denies the allegation contained in Paragraph 90.

91. Elevation denies the allegation contained in Paragraph 91.

## AS AND FOR A SECOND CROSS-CLAIM AS AGAINST ELEVATION

### UNJUST ENRICHMENT

92. Elevation makes no response to the allegations contained in Paragraphs 1 through 83 as they are directed to other parties, except that any inferences contained therein against Elevation are denied. Elevation repeats and re-alleges each and every allegation contained in Paragraphs 84 through 91 as though fully set forth herein.

93. Elevation denies the allegation contained in Paragraph 93.

94. Elevation denies the allegation contained in Paragraph 94.

95. Elevation denies the allegation contained in Paragraph 95.

96. Elevation denies the allegation contained in Paragraph 96.

97. Elevation denies the allegation contained in Paragraph 97.

98. Elevation denies that the Cross-Claimant is entitled to relief sought in Paragraph 98.

## AS AND FOR A THIRD CROSS-CLAIM

### INDEMNIFICATION

99. Elevation makes no response to the allegations contained in Paragraphs 1 through 83 as they are directed to other parties, except that any inferences contained therein against Elevation are denied. Elevation repeats and re-alleges each and every allegation contained in Paragraphs 84 through 98 as though fully set forth herein.

100. Elevation responds that the contractual agreement between ImageSoft and Elevation speaks for itself, and therefore no response is necessary.

101. The allegations in Paragraph 101 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Elevation denies the allegations in Paragraph 101.

102. Elevation responds that the Complaint speaks for itself, and therefore no response is necessary.

103. Elevation responds that the Complaint speaks for itself, and therefore no response is necessary.

104. Elevation responds that the contractual agreement between ImageSoft and Elevation speaks for itself, and therefore no response is necessary.

105. Elevation denies the allegation contained in Paragraph 105.

106. Elevation is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 106, and therefore denies same.

107. Elevation responds that the Complaint speaks for itself, and therefore no response is necessary.

108. Elevation denies the allegation contained in Paragraph 108.

109. Elevation denies that the Cross-Claimant is entitled to relief sought in Paragraph 109.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Cross-Claimants fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Cross-Claims are barred because Elevation owes no contractual obligations to the Cross-Claimants.

### THIRD AFFIRMATIVE DEFENSE

The Cross-Claims are barred because Elevation discharged each and every of its contractual obligations fully, completely and in good faith.

### FOURTH AFFIRMATIVE DEFENSE

The Cross-Claims are barred by the equitable doctrines of unclean hands, laches and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The Cross-Claims are barred because the Cross-Claimants sustained no cognizable damages attributable to Elevation.

### SIXTH AFFIRMATIVE DEFENSE

The Cross-Claims are barred because Cross-Claimants' damages, if any, were sustained as a result of its own acts or omissions or as a result of the acts or omissions of third parties outside of Elevation's control.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred because Cross-Claimants failed to mitigate its damages, if any exist.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable statue of limitations.

**WHEREFORE,** defendant, The Elevation Group LLC, demands judgment in its favor and against Cross-Claimants dismissing the Cross-Claims in their entirety with prejudice and awarding attorneys' fees and costs as well as such other and further relief as this Court deems equitable and just.

McCUSKER, ANSELMI, ROSEN
& CARVELLI, P.C.
127 Main Street
Chatham, New Jersey 07928
(973) 635-6300

/s/ Paul G. McCusker
Paul G. McCusker, Esq. (PM 7235)

Dated: November 6, 2007

## CERTIFICATE OF SERVICE PURSUANT TO R. 4:6-1

**I HEREBY CERTIFY** that on this day of November 6, 2007, a true and correct copy of the foregoing Answer was served electronically upon the Court and by email to the following counsel:

Robert Wolf, Esq.
David Lackowitz, Esq.
Gerstein Savage, LLP
600 Lexington Avenue, 9th Floor
New York, New York 10022
(212) 752-9700
Attorneys for Plaintiff
Petals Decorative Accents LLC
Dlackowitz@gerstensavage.com

Barry Levin, Esq.
600 Old Country Road, Suite 333
Garden City, New York 11530
(516) 222-4500
Attorneys for Defendants
ImageSoft, Inc. and Dinesh Bakhru
B13160@aol.com; jlnmaiL11@aol.com

Elliot J. Stein, Esq.
Stevens & Lee
485 Madison Avenue, 20th Floor
New York, New York 10022
(212) 319-8500
Attorneys for Defendant
Control Solutions, Inc.
Eis@stevenslee.com

Tony Yenidjeian
13 Dawn Lane
Suffern, New York 10901
*Pro Se* Representation
Aay55@hotmail.com

McCUSKER, ANSELMI, ROSEN &
CARVELLI, P.C.
127 Main Street
Chatham, New Jersey 07928
(973) 635-6300
Attorneys for Defendant
The Elevation Group LLC
Pmccusker@marc-law.com

By: /s/ Paul G. McCusker
    Paul G. McCusker, Esq. (PM 7235)

Dated: November 6, 2007