Elliott J. Stein (ES4378)
**STEVENS & LEE**
A Pennsylvania Professional Corporation
485 Madison Avenue, 20th Floor
New York, New York 10022
(212) 319-8500
Attorneys for Defendant
Control Solutions, Inc.

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| PETALS DECORATIVE ACCENTS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 07-cv-8120 (HB) |
| | ) | |
| v. | ) | |
| | ) | **ANSWER, AFFIRMATIVE** |
| THE ELEVATION GROUP, LLC, | ) | **DEFENSES, COUNTER-CLAIMS &** |
| CONTROL SOLUTIONS, INC., | ) | **CROSS-CLAIMS** |
| IMAGESOFT, INC., TONY YENIDJEIAN | ) | |
| and DINESH BAKHRU. | ) | **(filed electronically)** |
| | ) | |
| Defendants. | ) | |

Defendant, CONTROL SOLUTIONS, INC., a New Jersey Corporation ("Answering

Defendant"), by and through its undersigned counsel, sets forth the following as its Answer to

Plaintiff's Complaint:

**THE PARTIES**

1.    The Answering Defendant is without knowledge or information sufficient to form

a belief as to the truth or falsity of the allegation contained in paragraph 1 and therefore denies

the same.

2.      The allegations set forth in paragraph 2 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

3.      The Answering Defendant denies that it is a domestic corporation duly organized and existing in accordance with the laws of the State of New York.  The Answering Defendant admits that it maintained an office at 10 County Line Road, North Branch, New Jersey.

4.      The allegations set forth in paragraph 4 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

5.      The allegations set forth in paragraph 5 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

6.      The allegations set forth in paragraph 6 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

SL1 751336v1/096175.00009

7.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 7 and therefore denies the same.

8.    The allegations set forth in paragraph 8 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

9.    Answering Defendant admits that it is in the business of designing, developing and marketing computer software and related services and denies any inconsistent allegations contained in paragraph 9.

10.    The allegations set forth in paragraph 10 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

11.    The allegations set forth in paragraph 11 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

12.    The allegations set forth in paragraph 12 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information

SL1 751336v1/096175.00009

sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

## THE PARTIES' AGREEMENT

13.    The Answering Defendant restates its answers to paragraphs 1 through 12 as if fully set forth herein at length.

14.    The allegations set forth in paragraph 14 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

15.    The allegations set forth in paragraph 15 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

16.    The allegations set forth in paragraph 16 are directed to defendants other that the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 and therefore denies the same.

17.    The allegations set forth in paragraph 17 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

SL1 751336v1/096175.00009

18.    The allegations set forth in paragraph 18 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 18 and therefore denies the same.

19.    The allegations set forth in paragraph 19 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 19 and therefore denies the same.

20.    The allegations set forth in paragraph 20 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

21.    The allegations set forth in paragraph 21 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

22.    The allegations set forth in paragraph 22 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

SL1 751336v1/096175.00009

23.    The allegations set forth in paragraph 23 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

24.    The allegations set forth in paragraph 24 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

25.    The allegations set forth in paragraph 25 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

26.    The allegations set forth in paragraph 26 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

27.    The allegations set forth in paragraph 27 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

SL1 751336v1/096175.00009

## THE DEFENDANTS' BREACH

28.     The Answering Defendant restates its answers to paragraphs 1 through 27 as if fully set forth herein at length.

29.     The allegations set forth in paragraph 29 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

30.     The allegations set forth in paragraph 30 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

31.     The allegations set forth in paragraph 31 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

32.     The allegations set forth in paragraph 32 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

33.     The allegations set forth in paragraph 33 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information

SL1 751336v1/096175.00009

sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

34.    The allegations set forth in paragraph 34 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

35.    The allegations set forth in paragraph 35 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

36.    The Answering Defendant admits only that it entered into a contract with The Elevation Group to provide software and services specified therein.  The Answering Defendant denies the remaining allegations contained in paragraph 36.

37.    The allegations set forth in paragraph 37 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

38.    The allegations set forth in paragraph 38 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 and therefore denies the same.

SL1 751336v1/096175.00009

39.    The allegations set forth in paragraph 39 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

40.    The allegations set forth in paragraph 40 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

41.    The allegations set forth in paragraph 41 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

42.    The allegations set forth in paragraph 42 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 and therefore denies the same.

43.    The allegations set forth in paragraph 43 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43 and therefore denies the same.

SL1 751336v1/096175.00009

44.    The allegations set forth in paragraph 44 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

45.    The Answering Defendant denies the allegations contained in paragraph 45.

46.    The allegations set forth in paragraph 46 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46 and therefore denies the same.

47.    The allegations set forth in paragraph 47 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 and therefore denies the same.

48.    The allegations set forth in paragraph 48 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

49.    The allegations set forth in paragraph 49 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

- 10 -

50.     The allegations set forth in paragraph 50 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 50 and therefore denies the same.  The Answering Defendant expressly denies that Plaintiff has satisfied its obligations to the Answering Defendant.

### COUNT I

### **BREACH OF CONTRACT**

51.     The Answering Defendant restates its answers to paragraphs 1 through 50 as if fully set forth herein at length.

52.     The allegations set forth in paragraph 52 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

53.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 53 and therefore denies the same.

54.     The allegations set forth in paragraph 54 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

SLI 751336v1/096175.00009

## COUNT II

## **BREACH OF CONTRACT**

55.      The Answering Defendant restates its answers to paragraphs 1 through 54 as if fully set forth herein at length.

56.      The allegations set forth in paragraph 56 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

57.      The allegations set forth in paragraph 57 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

58.      The allegations set forth in paragraph 58 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 58 and therefore denies the same.

59.      The allegations set forth in paragraph 59 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

SL1 751336v1/096175.00009

## COUNT III

### BREACH OF CONTRACT –PLAINTIFF AS THIRD PARTY BENEFICIARY

60.     The Answering Defendant restates its answers to paragraphs 1 through 59 as if fully set forth herein at length.

61.     The Answering Defendant denies each and every allegation contained in paragraph 61.

62.     The Answering Defendant denies any breach of any obligation to Plaintiff and denies that any conduct on the part of the Answering Defendant resulted in the Plaintiff suffering any alleged damages.  The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 62 and therefore denies the same.

## COUNT IV

### BREACH OF FIDUCIARY DUTY

63.     The Answering Defendant restates its answers to paragraphs 1 through 62 as if fully set forth herein at length.

64.     The allegations set forth in paragraph 64 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

65.     The allegations set forth in paragraph 65 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information

- 13 -

sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

66.    The allegations set forth in paragraph 66 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

67.    The allegations set forth in paragraph 67 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

68.    The allegations set forth in paragraph 68 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

**COUNT V**

**FRAUDULENT INDUCEMENT**

69.    The Answering Defendant restates its answers to paragraphs 1 through 68 as if fully set forth herein at length.

70.    The allegations set forth in paragraph 70 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information

- 14 -

sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

71.    The allegations set forth in paragraph 71 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

72.    The allegations set forth in paragraph 72 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

73.    The allegations set forth in paragraph 73 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

**COUNT VI**

**LOST PROFITS**

74.    The Answering Defendant restates its answers to paragraphs 1 through 73 as if fully set forth herein at length.

75.    The allegations set forth in paragraph 75 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information

- 15 -

sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

76.     The allegations set forth in paragraph 76 are directed to defendants other than the Answering Defendant and the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

77.     The Complaint, and each purported claim for relief thereof, fails to state a claim against this Answering Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

78.     Plaintiff's claims are barred to the extent plaintiff's damages were the result of intervening or superseding causes not under the control of this Answering Defendant, this Answering Defendant pleads and relies upon same as a defense to plaintiff's complaint.

### THIRD AFFIRMATIVE DEFENSE

79.     Plaintiff's claims are barred to the extent plaintiff's damages were the result of unforeseeable acts or omissions of others over whom this Answering Defendant had no control and exercised no control, this defendant pleads and relies upon same as a defense to plaintiff's complaint.

- 16 -

## FOURTH AFFIRMATIVE DEFENSE

80.    The damages claimed by Plaintiff against this Answering Defendant are limited or are not recoverable under the applicable law.

## FIFTH AFFIRMATIVE DEFENSE

81.    Plaintiff's claims against this Answering Defendant are barred as this Answering Defendant owes no duty of any sort to Plaintiff except pursuant to the contracts between them.

## SIXTH AFFIRMATIVE DEFENSE

82.    Plaintiff's claims against this Answering Defendant are barred as Plaintiff has failed to mitigate its damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

83.    Plaintiff's claims against this Answering Defendant are barred by the Statute of Frauds.

## EIGHTH AFFIRMATIVE DEFENSE

84.    Plaintiff's claims against this Answering Defendant are barred as Plaintiff is not a third-party beneficiary to any contract between this Answering Defendant and any third party.

## NINTH AFFIRMATIVE DEFENSE

85.    Plaintiff's claims against this Answering Defendant are barred as Plaintiff did not reasonably rely to his detriment on any actions or statements made by this Answering Defendant.

## TENTH AFFIRMATIVE DEFENSE

86.    Plaintiff's claims against this Answering Defendant are barred as this Answering Defendant has performed its contractual duties, if any, owed to Plaintiff.

SL1 751336v1/096175.00009

### ELEVENTH AFFIRMATIVE DEFENSE

87.     Answering Defendant has certain recoupments, set-offs and counterclaims against Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

88.     Plaintiff's claims are barred by the equitable doctrines of unclean hands, laches and estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

89.     Plaintiff's claims are barred because Plaintiff sustained no cognizable damages attributable to this Answering Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

90.     This Answering Defendant reserves the right to assert any and all additional defenses as may be revealed by further investigation and discovery.


**WHEREFORE**, defendant, Control Solutions, Inc., demands judgment in its favor and against plaintiff dismissing the Complaint in its entirety with prejudice and awarding attorneys' fees and costs as well as such other and further relief as this Court deems equitable and just.

SL1 751336v1/096175.00009

## COUNTER-CLAIMS

### FIRST COUNTER-CLAIM FOR BREACH OF CONTRACT

1.  During the period of December 7, 2006 through March 27, 2007, Control Solutions, Inc. ("Control Solutions") provided certain goods and services to Plaintiff Petals Decorative Accents, LLC pursuant to contracts between Plaintiff and the Answering Defendant.

2.  Plaintiff did not pay for the goods and services at the time of purchase, but rather Control Solutions issued to Plaintiff an invoice for each purchase of materials showing the materials purchased and the corresponding charges to the account.

3.  The payment terms on such purchases are "Net 30 Days."

4.  Plaintiff received and accepted all goods and services that Control Solutions invoiced and has not rejected any item thereof as nonconforming or for any other reason.

5.  Plaintiff has failed to pay Control Solutions for all of the materials and services within the time required by the invoices.

6.  On or about June 11, 2007, Control Solutions made written demand on Plaintiff to pay the full outstanding overdue obligations on the account by June 18, 2007.

7.  Despite such demand, Plaintiff has failed to pay the full amount of the overdue obligations owed to Control Solutions with respect to the outstanding charges to the account.

8.  Control Solutions has invoiced Plaintiff for at least $34,548.66 for goods and services ordered and received by Plaintiff, less applicable credits, if any.

- 19 -

9.      Although Plaintiff received and accepted each invoiced item and service, and notwithstanding Control Solution's demand for payment, Plaintiff has failed and refused to pay the contract balance due in the amount of at least $34,548.66.

10.     By failing to make the payments due to Control Solutions, Plaintiff has breached its agreements with Control Solutions.

11.     Due to Plaintiff's breaches, Control Solutions has been damaged in the sum of at least $34,548.66 and applicable interest.

**WHEREFORE**, Control Solutions seeks judgment against Plaintiff, in the amount of at least $34,548.66 and applicable interest, plus incidental and consequential damages and attorneys' fees and costs.

### SECOND COUNTER-CLAIM FOR UNJUST ENRICHMENT

12.     Control Solutions incorporates paragraphs 1 through 11 above as though fully set forth herein.

13.     Control Solutions has shipped goods and/or materials to Plaintiff.

14.     The goods and/or materials shipped by Control Solutions and services provided by Control Solutions had a fair and reasonable value of at least $50,000.00.

15.     Plaintiff received and accepted the goods and services provided by Control Solutions and has failed and refused to provide payment due to Control Solutions.

16.     The use of the goods supplied and services provided by Control Solutions has therefore inured to the specific benefit of Plaintiff and to the detriment of Control Solutions.

17.     Plaintiff has been unjustly enriched at Control Solution's expense.

- 20 -

**WHEREFORE**, Control Solutions seeks judgment against Plaintiff, in the amount of $50,000.00 and applicable interest, plus incidental and consequential damages and attorneys' fees and costs.

### THIRD COUNTER-CLAIM FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

18.    Control Solutions incorporates paragraphs 1 through 17 above as though fully set forth herein.

19.    Plaintiff has breached the covenant of good faith and fair dealing implied in all contracts to the detriment of Control Solutions and damaged Control Solutions in the amount of $50,000.00.

**WHEREFORE**, Control Solutions seeks judgment against Plaintiff, in the amount of $50,000.00 and applicable interest, plus incidental and consequential damages and attorneys' fees and costs.

### CROSS-CLAIMS

### FIRST CROSS-CLAIM FOR BREACH OF CONTRACT

20.    As of June 12, 2006, and amended as of August 14, 2006, Control Solutions and The Elevation Group ("Elevation") entered into a Mutual Co-Marketing Agreement (the "Agreement").

21.    Pursuant to that Agreement, Elevation issued one or more purchase orders for a Warehouse Management System to be installed at facilities in Tennessee for Plaintiff.

22.    Elevation received and accepted each item that Control Solutions invoiced and did not rejected any invoiced item as nonconforming.

- 21 -

23.    Elevation has failed to pay Control Solutions for all of the delivered goods and services as required by the Agreement.

24.    On or about June 11, 2007, Control Solutions made written demand on Elevation to pay the full outstanding overdue obligations on the account by June 18, 2007.

25.    Despite such demand, Elevation has failed to pay the full amount of the overdue obligations owed to Control Solutions with respect to the outstanding charges to the account.

26.    Control Solutions has invoiced Elevation for materials ordered and received by Elevation and the outstanding balance due to Control Solutions is at least $55,510.00.

27.    A contract was created between Control Solutions and Elevation upon the execution of the Agreement.

28.    Although Elevation received and accepted each invoiced item, and notwithstanding Control Solution's demand for payment, Elevation has failed and refused to pay the contract balance due in the amount of $55,510.00.

29.    By failing to make the payments due to Control Solutions, Elevation has breached its agreements with Control Solutions.

30.    Due to Elevation's breaches, Control Solutions has been damaged in the sum of at least $55,510.00 and applicable interest.

**WHEREFORE**, Control Solutions seeks judgment against Elevation, in the amount of at least $55,510.00 and applicable interest, plus incidental and consequential damages and attorneys' fees and costs.

- 22 -

## SECOND CROSS-CLAIM FOR UNJUST ENRICHMENT

31.     Control Solutions incorporates paragraphs 20 through 30 above as though fully set forth herein.

32.     Control Solutions has delivered goods and services to Elevation which goods and services Elevation has sold to third parties.

33.     The goods and services delivered to Elevation by Control Solutions has a fair and reasonable value of $75,000.00.

34.     The use of the goods supplied and services provided by Control Solutions has therefore inured to the specific benefit of Elevation and to the detriment of Control Solutions.

35.     Elevation has been unjustly enriched at Control Solution's expense in the amount of $75,000.00.

**WHEREFORE**, Control Solutions seeks judgment against Elevation, in the amount of $75,000.00 and applicable interest, plus incidental and consequential damages and attorneys' fees and costs.

## THIRD CROSS-CLAIM  FOR GOOD FAITH AND FAIR DEALING

36.     Control Solutions incorporates paragraphs 20 through 35 above as though fully set forth herein.

37.     Elevation has breached the covenant of good faith and fair dealing implied in all contracts to the detriment of Control Solutions.

- 23 -

**WHEREFORE**, Control Solutions seeks judgment against Elevation, in the amount of $75,000.00 and applicable interest, plus incidental and consequential damages and attorneys' fees and costs

## FOURTH CROSS-CLAIM FOR CONTRIBUTION

38.    Control Solutions incorporates paragraphs 20 through 37 above as though fully set forth herein.

39.    Control Solutions denies any and all legal liability and responsibility for the acts alleged in Plaintiff's Complaint.

40.    If Control Solutions should be found liable to Plaintiff, which liability is denied, Control Solutions asserts that Co-Defendants are jointly responsible with respect to any loss, liability or expense on account of Plaintiff's demand for judgment.

**WHEREFORE**, Defendant, Control Solutions, Inc., demands judgment for contribution against Co-Defendants.

## FIFTH CROSS-CLAIM FOR COMMON LAW INDEMNIFICATION

41.    Control Solutions incorporates paragraphs 20 through 40 above as though fully set forth herein.

42.    Control Solutions denies any and all legal liability and responsibility for the acts alleged in Plaintiff's Complaint.

43.    If Control Solutions should be found liable to Plaintiff, which liability is denied, Control Solutions asserts that Co-Defendants are jointly responsible with respect to any loss, liability or expense on account of Plaintiff's demand for judgment.

- 24 -

**WHEREFORE**, Defendant, Control Solutions, Inc., demands judgment for indemnification against Co-Defendants for indemnification in full with respect to any damages which may be recovered against Control Solutions, Inc. by the Plaintiff.

STEVENS & LEE, P.C.
485 Madison Avenue, 20th Floor
New York, NY  10022
(212) 319-8500
Attorneys for Defendant Control
Solutions, Inc.

/s/    Elliott J. Stein
Elliott J. Stein (ES4378)

Dated: November 13, 2007

SL1 751336v1/096175.00009

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of November, 2007, a true and correct copy of the foregoing Answer was served electronically upon the Court and by e-mail to the following counsel, and by certified mail – return receipt requested to the *Pro Se* defendant:

| | |
|---|---|
| David Lackowitz, Esq.<br>GERSTEN SAVAGE LLP<br>600 Lexington Avenue, 9th Floor<br>New York, NY 10022<br>(212) 752-9700<br><br>Attorneys for Plaintiff Petals Decorative Accents LLC | Paul G. McCusker, Esq.<br>McCUSKER, ANSELMI, ROSEN & CARVELLI, P.C.<br>127 Main Street<br>Chatham, NJ 07928<br>(973) 635-6300<br><br>Attorneys for Defendant The Elevation Group LLC |
| Barry Levin, Esq.<br>600 Old Country Road, Suite 333<br>Garden City, NY 11530<br>(516) 222-4500<br><br>Attorneys for Defendants Imagesoft, Inc. and Dinesh Bakhru | Tony Yenidjeian<br>13 Dawn Lane<br>Suffern, NY 10901<br><br>*Pro Se* Representation |

STEVENS & LEE, P.C.
485 Madison Avenue, 20th Floor
New York, NY 10022
(212) 319-8500
Attorneys for Defendant Control
Solutions, Inc.

/s/    Elliott J. Stein
Elliott J. Stein (ES4378)

Dated: November 13, 2007

- 26 -