Elliott J. Stein (ES4378)
**STEVENS & LEE**
A Pennsylvania Professional Corporation
485 Madison Avenue, 20th Floor
New York, New York 10022
(212) 319-8500
Attorneys for Defendant
Control Solutions, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| PETALS DECORATIVE ACCENTS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:  07-cv-8120 (HB) |
| | ) | |
| v. | ) | |
| | ) | **ANSWER & AFFIRMATIVE** |
| THE ELEVATION GROUP, LLC, | ) | **DEFENSES TO CROSS-CLAIMS OF** |
| CONTROL SOLUTIONS, INC., | ) | **THE ELEVATION GROUP LLC** |
| IMAGESOFT, INC., TONY YENIDJEIAN | ) | |
| and DINESH BAKHRU. | ) | **(filed electronically)** |
| | ) | |
| Defendants. | | |

Cross-Claim Defendant, CONTROL SOLUTIONS, INC., a New Jersey Corporation

("Control Solutions"), by and through its undersigned counsel, sets forth the following Answer to

the Cross-Claims of The Elevation Group LLC:

## CROSS-CLAIMS

## FIRST CROSS-CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACT

18.     Control Solutions is without knowledge or information sufficient to form a belief

as to the truth or falsity of the allegation contained in paragraph 18 and therefore denies the same.

19.    Control Solutions is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 and therefore denies the same.

20.    Control Solutions admits only that it had knowledge that Elevation was supplying services and goods to Petals. Control Solutions denies that it had any knowledge regarding the terms of any contract entered into between Elevation and Petals.

21.    Control Solutions denies the allegations contained in paragraph 21 of Elevations cross-claims.

22.    Control Solutions is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 and therefore denies the same.

23.    Control Solutions denies the allegations contained in paragraph 23 of Elevations cross-claims.

## SECOND CROSS-CLAIM FOR BREACH OF CONTRACT

24.    The allegations set forth in paragraph 24 are directed to parties other than Control Solutions and Control Solutions is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

25.    The allegations set forth in paragraph 25 are directed to parties other than Control Solutions and Control Solutions is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

- 2 -

26.    The allegations set forth in paragraph 26 are directed to parties other than Control Solutions and Control Solutions is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

27.    The allegations set forth in paragraph 27 are directed to parties other than Control Solutions and Control Solutions is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

## THIRD CROSS-CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACT

28.    The allegations set forth in paragraph 28 are directed to parties other than Control Solutions and Control Solutions is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

29.    The allegations set forth in paragraph 29 are directed to parties other than Control Solutions and Control Solutions is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

30.    The allegations set forth in paragraph 30 are directed to parties other than Control Solutions and Control Solutions is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

31.    The allegations set forth in paragraph 31 are directed to parties other than Control Solutions and Control Solutions is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

## FOURTH CROSS-CLAIM FOR FRAUDULENT CONCEALMENT

32.    The allegations set forth in paragraph 32 are directed to parties other than Control Solutions and Control Solutions is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

33.    The allegations set forth in paragraph 33 are directed to parties other than Control Solutions and Control Solutions is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

34.    The allegations set forth in paragraph 34 are directed to parties other than Control Solutions and Control Solutions is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

35.    The allegations set forth in paragraph 35 are directed to parties other than Control Solutions and Control Solutions is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

## FIFTH CROSS-CLAIM FOR FRAUDULENT CONCEALMENT

36.    The allegations set forth in paragraph 36 are directed to parties other than Control Solutions and Control Solutions is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

37.    The allegations set forth in paragraph 37 are directed to parties other than Control Solutions and Control Solutions is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

SL1 765365v1/096175.00009

38.    The allegations set forth in paragraph 38 are directed to parties other than Control Solutions and Control Solutions is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

39.    The allegations set forth in paragraph 39 are directed to parties other than Control Solutions and Control Solutions is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

## SIXTH CROSS-CLAIM FOR CONTRIBUTION

40.    Control Solutions denies the allegations contained in paragraph 40 of Elevation's Cross-Claims.

41.    To the extent that the allegations set forth in paragraph 41 are directed to parties other than Control Solutions, Control Solutions is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and denies the same. To the extent that the allegations set forth in paragraph 41 are directed to Control Solutions, Control Solutions denies the same.

## SEVENTH CROSS-CLAIM FOR COMMON LAW INDEMNIFICATION

42.    Control Solutions denies the allegations contained in paragraph 42 of Elevation's Cross-Claims.

43.    To the extent that the allegations set forth in paragraph 41 are directed to parties other than Control Solutions, Control Solutions is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and denies the same.

SL1 765365v1/096175.00009

To the extent that the allegations set forth in paragraph 43 are directed to Control Solutions, Control Solutions denies the same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.    The Cross-Complaint, and each purported cross-claim for relief thereof, fails to state a claim against Control Solutions upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.    Elevation's cross-claims are barred to the extent Elevation's damages were the result of intervening or superseding causes not under the control of Control Solutions.

### THIRD AFFIRMATIVE DEFENSE

3.    Elevation's cross-claims are barred to the extent Elevation's damages were the result of unforeseeable acts or omissions of others over whom Control Solutions had no control and exercised no control.

### FOURTH AFFIRMATIVE DEFENSE

4.    The cross-claims are barred because Control Solutions discharged each and every one of its contractual obligations fully, completely and in good faith and the contract bars such claims.

### FIFTH AFFIRMATIVE DEFENSE

5.    The cross-claims are barred by the equitable doctrines of unclean hands, laches and estoppel.

- 6 -

### SIXTH AFFIRMATIVE DEFENSE

6.     The cross-claims are barred as Elevation has failed to mitigate its damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE

7.     The cross-claims are barred because Elevation sustained no cognizable damages attributable to the conduct of Control Solutions.

### EIGHTH AFFIRMATIVE DEFENSE

8.     The cross-claims are barred because Elevation's damages, if any, were sustained as a result of its own acts or omissions or as a result of the acts or omissions of third parties outside of Control Solution's control.

### NINTH AFFIRMATIVE DEFENSE

9.     The Cross-Complaint is barred by the applicable statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

10.     Control Solutions has claims against Elevation which entitle it to set-off and recoupment as well as recovery of such damages.

### ELEVENTH AFFIRMATIVE DEFENSE

11.     Control Solutions reserves the right to assert any and all additional defenses as may be revealed by further investigation and discovery.

SL1 765365v1/096175.00009

**WHEREFORE**, cross-defendant, Control Solutions, Inc., demands judgment in its favor and against cross-claimant The Elevation Group LLC dismissing the Cross-Claims in their entirety with prejudice and awarding attorneys' fees and costs as well as such other and further relief as this Court deems equitable and just.

STEVENS & LEE, P.C.
485 Madison Avenue, 20th Floor
New York, NY 10022
(212) 319-8500
Attorneys for Defendant Control
Solutions, Inc.

/s/    Elliott J. Stein
Elliott J. Stein (ES4378)

Dated: November 13, 2007

- 8 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of November, 2007, a true and correct copy of the foregoing Answer to Cross-Claims was served electronically upon the Court and by e-mail to the following counsel, and by certified mail – return receipt requested to the *Pro Se* defendant:

| | |
|---|---|
| David Lackowitz, Esq.<br>GERSTEN SAVAGE LLP<br>600 Lexington Avenue, 9th Floor<br>New York, NY 10022<br>(212) 752-9700<br><br>Attorneys for Plaintiff Petals Decorative Accents LLC | Paul G. McCusker, Esq.<br>McCUSKER, ANSELMI, ROSEN & CARVELLI, P.C.<br>127 Main Street<br>Chatham, NJ 07928<br>(973) 635-6300<br><br>Attorneys for Defendant The Elevation Group LLC |
| Barry Levin, Esq.<br>600 Old Country Road, Suite 333<br>Garden City, NY 11530<br>(516) 222-4500<br><br>Attorneys for Defendants Imagesoft, Inc. and Dinesh Bakhru | Tony Yenidjeian<br>13 Dawn Lane<br>Suffern, NY 10901<br><br>*Pro Se* Representation |

STEVENS & LEE, P.C.
485 Madison Avenue, 20th Floor
New York, NY 10022
(212) 319-8500
Attorneys for Defendant Control
Solutions, Inc.

/s/    Elliott J. Stein
Elliott J. Stein (ES4378)

Dated: November 13, 2007

- 9 -